**Jason ATHANS, Petitioner–Appellant,**

v.

**Warden SCRIBNER, Respondent–Appellee.**

No. 10–56232.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2014.*

Filed March 14, 2014.

Statia Peakheart, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Kenneth Charles Byrne, Supervising Deputy Attorney General, William H. Davis, Jr., Esquire, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Jack Zouhary, United States District Judge, Northern District of Ohio, sitting by designation.

Before: KOZINSKI, Chief Judge, GRABER, Circuit Judge, and ZOUHARY,** District Judge.

MEMORANDUM ***

Petitioner Jason Athans appeals the district court's order denying his petition for a writ of habeas corpus. Reviewing de novo, *Dickens v. Ryan,* 740 F.3d 1302, 1309 (9th Cir.2014) (en banc), we affirm.

1. California state courts previously adjudicated both of Petitioner's claims for habeas relief. *See Johnson v. Williams,* —— U.S. ——, 133 S.Ct. 1088, 1096, 185 L.Ed.2d 105 (2013). Thus, 28 U.S.C. § 2254(d)(1) bars relitigation of Petitioner's claims unless the state courts' adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

2. The California Court of Appeal applied the correct rule of federal law to Petitioner's ineffective assistance of trial counsel claim, and applied a rule of state law governing a request for a competency hearing that mirrors the correct federal standard. *Compare People v. Koontz,* 27 Cal.4th 1041, 119 Cal.Rptr.2d 859, 46 P.3d 335, 349–50 (2002), *with Drope v. Missouri,* 420 U.S. 162, 172–73, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). *See also Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

3. Neither of the relevant California appellate decisions contained "an error well understood and comprehended in existing law beyond any possibility for fair-

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

minded disagreement." *Harrington v. Richter*, — U.S. —, 131 S.Ct. 770, 786–87, 178 L.Ed.2d 624 (2011).

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.